IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHARON QUINN<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR SALES U.S.A., INC., a California corporation; TOYOTA MOTOR NORTH AMERICA, INC., a California corporation; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., a Foreign Corporation; and TOYOTA MOTOR DISTRIBUTERS, INC., d/b/a TOYOTA MOTOR CORPORATION, a Foreign Corporation<br><br>Defendants. | USDC Case No.: 2:19-cv-10246<br>LC Case No: 2018-169980-NO |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the above-captioned action, currently pending in the Circuit Court for the County of Oakland in the State of Michigan, is removed by Defendants Toyota Motor Sales U.S.A., Inc. ("TMS"), Toyota Motor North America, Inc. ("TMNA") and Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") to the United States District Court for the Eastern District of Michigan, by the filing of

this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Michigan. As grounds for removal, Defendants TMS, TMNA and TEMA state as follows:

1. On or about November 20, 2018, Plaintiff filed an action in the Circuit Court for the County of Oakland, State of Michigan, entitled *Sharon Quinn v. Toyota Motors Sales U.S.A., Inc., Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Distributors, Inc. d/b/a Toyota Motor Corporation*, Case No.: 2018-169980-NO, (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process and pleadings served upon Defendants in the State Court Action is attached. *See* Exhibits A and B.

3. TMS, TMNA and TEMA received a copy of the Summons and Amended Complaint on January 9, 2019.

4. Upon information and belief, Defendant "Toyota Motor Distributors, Inc. d/b/a Toyota Motor Corporation," has not been served with Plaintiff's Summons and Amended Complaint.

5. Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely because it has been filed within 30 days after TMS, TMNA and TEMA's receipt of

a copy of an amended pleading, motion, order or other paper from which it was first ascertained that the case is one which is removable.

6. This Court is the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a). The Oakland County Circuit Court is located in the Eastern District of Michigan. 28 U.S.C. § 102(a)(1).

7. Since no other Defendants have been served with Plaintiff's Complaint, there is no requirement of consent of any other Defendants.

**DIVERSITY JURISDICTION EXISTS**

8. This Court has original diversity jurisdiction pursuant 28 U.S.C § 1332, because this action is between citizens of different states and the amount in controversy, assuming that plaintiff prevails on her claims, exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees.

9. Plaintiff: For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Here, Plaintiff is a resident of the City of West Bloomfield, County of Oakland, State of Michigan. *See* Exhibit A – Amended Complaint at Para. 1. Therefore, upon information and belief, Plaintiff is domiciled in the State of Michigan.

10. TMS: TMS is now, and was at the time the Complaint was filed, a California corporation with its principal place of business in Texas. A corporation is deemed a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). TMS, therefore, is a citizen of a California and Texas for diversity purposes, as defined in 28 U.S.C. § 1603 for purposes of determining diversity.

11. TMNA: TMNA is now, and was at the time the Complaint was filed, a California corporation with its principal place of business in Texas. A corporation is deemed a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, TMNA is deemed a citizen of California and Texas for diversity purposes, as defined in 28 U.S.C. § 1603 for purposes of determining diversity.

12. TEMA: TEMA is now, and was at the time the Complaint was filed, a Kentucky corporation with its principal place of business in Texas. A corporation is deemed a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, TEMA is deemed a citizen of Kentucky and Texas for diversity purposes, as defined in 28 U.S.C. § 1603 for purposes of determining diversity.

13. TMS, TMNA and TEMA are neither incorporated, nor have their principal places of business in the State of Michigan.

14. Plaintiff Sharon Quinn filed this lawsuit in the Circuit Court for the County of Oakland, Michigan, on or about November 20, 2018. In the Amended Complaint, Plaintiff asserts claims for damages against TMS, TMNA and TEMA arising out of a motor vehicle incident that occurred on or about November 14, 2017. Plaintiff alleges she parked a 2017 Lexus ES 350 in her residential garage in West Bloomfield, MI and walked away from the vehicle with the key fob in her possession, while the vehicle's engine was still running. *See* Exhibit A – Amended Complaint at Para. 22. Plaintiff closed the garage door while the engine continued to run without Plaintiff's knowledge. *Id.* at Para. 23 Plaintiff alleges that the "Smart Key" failed to shut off the engine and caused carbon monoxide to flow into the attached garage and seep into Plaintiff's home. *Id.* at Para. 26.

15. This action is one of a civil nature, which alleges the liability of TMS, TMNA and TEMA to the plaintiff on various grounds, including, but not limited to product liability and negligence.

16. Plaintiff seeks personal injury damages for the alleged motor vehicle incident which occurred on or about November 14, 2017. Although the Complaint seeks an unspecified amount of compensatory damages, pursuant to 28 U.S.C. §1332(a), and upon information and belief based on the allegations in Plaintiff's Amended Complaint, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees.

17. Specifically, Plaintiff alleges that due to the fault of TMS, TMNA and TEMA, Plaintiff suffered "serious" injuries including, but not limited to: Brain damage; 35% level carbon monoxide poisoning—a nearly lethal amount; Lack of short term memory; Disorientation; Dizziness; Irritability; Paranoia; Neuropsychiatric syndrome; Elevated troponin; Heart attack; Acute kidney failure; Mottling of skin; Movement disorders; Partial paralysis in left side of body; Gait abnormality requiring mobility aids; 8 day hospital stay requiring follow-up care; Medical bills — past and future; Economic loss; Conscious pain and suffering; Denial of social pleasures and enjoyments; Embarrassment, humiliation, mortification; Emotional distress, anxiety, mental, anguish, fright and shock; Other damages that may become known through the passage of time and/or the course of discovery; and Any and all other damages allowed under Michigan Law. *See* Exhibit A – Amended Complaint at Para. 44.

18. While TMS, TMNA and TEMA deny the allegations in Plaintiff's Amended Complaint, and deny any liability to Plaintiff whatsoever, if those allegations are proven to be true, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees. Notwithstanding that the jurisdictional requirements have been met, nothing in this Notice of Removal should be construed as an admission that Plaintiff is entitled to any judgment or relief in her favor.

19. Notice of Filing of Removal and a copy of this Notice of Removal from State Court will be filed with the Oakland County Circuit Court as required by 28 U.S.C. § 1446(d). *See* Exhibit C. Copies of the same will be served upon Plaintiff and all counsel of record upon the filing of this Notice.

THEREFORE, Defendants TMS, TMNA AND TEMA remove the State Court Action from the Circuit Court of Oakland County, State of Michigan, to this Court, and request that the Court take jurisdiction of this civil action to the exclusion of any further proceedings in the state court.

          Respectfully submitted,

By: /s/ Carmen M. Bickerdt
CARMEN M. BICKERDT (P62874)
Bowman and Brooke LLP
Attorneys for Defendants Toyota Motor Sales U.S.A., Inc., Toyota Motor North America, Inc. and Toyota Motor Engineering & Manufacturing North America, Inc.
41000 Woodward Ave., Ste. 200 East
Bloomfield Hills, MI  48304
248.205.3300 / 248.205.3399 fax
carmen.bickerdt@bowmanandbrooke.com

## CERTIFICATE OF SERVICE

I hereby certify that on **January 25, 2019**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

GEOFFREY N. FIEGER (P30441)
DONALD H. DAWSON, JR. (P29692)
Fieger, Fieger, Kenney & Harrington P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
248.355.5555 / 248.355.5148 fax
g.fieger@fiegerlaw.com
d.dawson@fiegerlaw.com

By: /s/ Carmen M. Bickerdt
CARMEN M. BICKERDT (P62874)
Bowman and Brooke LLP
Attorneys for Defendants Toyota Motor Sales U.S.A., Inc., Toyota Motor North America, Inc. and Toyota Motor Engineering & Manufacturing North America, Inc.
41000 Woodward Ave., Ste. 200 East
Bloomfield Hills, MI 48304
248.205.3300 / 248.205.3399 fax
carmen.bickerdt@bowmanandbrooke.com