# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
01/09/2019
CT Log Number 534701177

**TO:** Dorothy Tsusaki
Toyota Legal One
c/o Toyota Motor North America, Inc., 6565 Headquarters Drive
Plano, TX 75024

**RE:** **Process Served in Michigan**

**FOR:** Toyota Motor Sales, U.S.A., Inc.  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SHARON QUINN, Pltf. vs. TOYOTA MOTOR SALES, U.S.A., INC., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Proof, Complaint, Demand |
| **COURT/AGENCY:** | Oakland County - 6th Circuit Court, MI<br>Case # 2018169980NO |
| **NATURE OF ACTION:** | Personal Injury - 11/14/2017 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Plymouth, MI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/09/2019 at 15:08 |
| **JURISDICTION SERVED :** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service |
| **ATTORNEY(S) / SENDER(S):** | GEOFFREY N. FIEGER<br>Fieger, Fieger, Kenney & Harrington P.C.<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>248-355-5555 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/09/2019, Expected Purge Date: 01/14/2019 |
| | Image SOP |
| | Email Notification,  Ellen L Farrell  ellen.l.farrell@toyota.com |
| | Email Notification,  Dorothy Tsusaki  dorothy.tsusaki@toyota.com |
| | Email Notification,  Lola Waldrum  lola.waldrum@toyota.com |
| | Email Notification,  Serena Stout  serena.stout@toyota.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Company<br>40600 ANN ARBOR RD E STE 201<br>Plymouth, MI 48170-4675<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.
Approved, SCAO

| Original - Court | 2nd copy - Plaintiff |
| 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. |
| 6th | JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | 18- 2018-169980-NO<br>-NO |
| | | | JUDGE MARTHA D. |

**Court address** — ANDERSON — **Court telephone no.**
1200 Telegraph Rd, Pontiac, MI 48340 — (248) 858-0344

| Plaintiff's name(s), address(es), and telephone no(s).<br>SHARON QUINN | v | Defendant's name(s), address(es), and telephone no(s).<br>TOYOTA MOTOR SALES, U.S.A., INC., a California Corporation |

Plaintiff's attorney, bar no., address, and telephone no.
Geoffrey N. Fieger (P30441)
Donald H. Dawson Jr (P29692)
Fieger, Fieger, Kenney & Harrington, PC
19390 W. 10 Mile Rd.
Southfield, MI 48075 / 248-355-5555

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>11/16/2018 | Expiration date*<br>02/15/2019 | Court clerk<br>Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (8/18) **SUMMONS** — MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

FILED    Received for Filing    Oakland County Clerk    11/16/2018 12:07 PM

**SUMMONS**

| **PROOF OF SERVICE** | Case No. 18-     -NO |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

| **CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE** |

| ☐ **OFFICER CERTIFICATE**<br>I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER**<br>Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled<br> | Fee<br>$ | | Signature |
|---|---|---|---|---|
| Incorrect address fee<br>$ | Miles traveled<br> | Fee<br>$ | **TOTAL FEE**<br>$ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

| **ACKNOWLEDGMENT OF SERVICE** |

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____ .
Signature

11/16/2018 12:07 PM   Oakland County Clerk   Received for Filing   FILED

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

SHARON QUINN,

       Plaintiff,

v.

TOYOTA MOTOR SALES, U.S.A., INC.,
a California Corporation; TOYOTA MOTOR
NORTH AMERICA, INC., a California
Corporation; TOYOTA MOTOR ENGINEERING
& MANUFACTURING NORTH AMERICA, INC.,
a Foreign Corporation; and TOYOTA MOTOR
DISTRIBUTORS, INC., d/b/a TOYOTA MOTOR
CORPORATION, a Foreign Corporation;

       Defendants.

Case No: 2018-169980-NO
Hon. Martha D. Anderson

/

GEOFFREY N. FIEGER (P30441)
DONALD H. DAWSON, JR. (P29692)
Fieger, Fieger, Kenney
& Harrington P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555

/

## AMENDED COMPLAINT AND JURY DEMAND pd/hl

    NOW COMES Plaintiff, SHARON QUINN, by and through her attorneys,

FIEGER, FIEGER, KENNEY, & HARRINGTON, P.C., and for her Complaint against the

above-named Defendants, states as follows:

## PARTIES AND JURISDICTION

    1.    At all relevant times, Plaintiff, SHARON QUINN, was a resident of the

City of West Bloomfield, County of Oakland, State of Michigan.

FILED Received for Filing Oakland County Clerk 11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION · 19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

2. At all relevant times, Defendant, TOYOTA MOTOR SALES, U.S.A, INC. (hereinafter, "TOYOTA USA") was a California Corporation, headquartered in the City of Torrance, County of Los Angeles, State of California, but engaging in regular and systematic business in the City of West Bloomfield, County of Oakland, State of Michigan and with its Registered Agent listed as The Corporation Company, located at 40600 Ann Arbor Rd. E Ste 201, Plymouth, MI 48170.

3. At all relevant times, Defendant, TOYOTA MOTOR NORTH AMERICA, INC. (hereinafter, "TOYOTA NORTH AMERICA") was a California Corporation, headquartered in the City of Torrance, County of Los Angeles, State of California, but engaging in regular and systematic business in the City of West Bloomfield, County of Oakland, State of Michigan and with its Registered Agent listed as The Corporation Company, located at 40600 Ann Arbor Rd. E Ste 201, Plymouth, MI 48170.

4. At all relevant times, Defendant, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. (hereinafter, "TOYOTA ENGINEERING") was a Kentucky Corporation, headquartered in the City of Erlanger, County of Kenton, State of Kentucky, but engaging in regular and systematic business in the City of West Bloomfield, County of Oakland, State of Michigan and with its Registered Agent listed as The Corporation Company, located at 40600 Ann Arbor Rd. E Ste 201, Plymouth, MI 48170.

5. Upon information and belief, each Toyota entity named above is a wholly owned subsidiary of Defendant, TOYOTA MOTOR DISTRIBUTORS, INC. d/b/a TOYOTA MOTOR CORPORATION (hereinafter, "TOYOTA CORP."), a Japanese Corporation headquartered in the City of Toyota, Aichi Prefecture, Country of Japan, but

engaging in regular and systematic business in the City of West Bloomfield, County of Oakland, State of Michigan and with its Registered Agent listed as The Prentice Hall Corporation System, Inc., located at 601 Abbot Road, East Lansing, Michigan 48823.

6.     Hereinafter, the above-named Defendants are collectively referred to as the "TOYOTA Defendants."

7.     The acts, transactions and/or occurrences giving rise to the injuries complained of herein, occurred within the confines of the City of West Bloomfield, County of Oakland, State of Michigan on or about November 14, 2017 at approximately 5:30 p.m.

8.     That the amount in controversy in this cause greatly exceeds Twenty-Five Thousand ($25,000.00) Dollars, exclusive of costs, interest and attorney fees.

9.     Venue and Jurisdiction are properly vested in the court.

## GENERAL ALLEGATIONS

10.     Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

11.     This case involves a design defect in the 2017 Lexus ES 350, manufactured by TOYOTA, which caused a 76-year-old woman to be poisoned by carbon monoxide and as a result, permanently injured, by her own Lexus vehicle.

12.     The TOYOTA Defendants are in the business, on their own and through their wholly owned subsidiaries, of designing, manufacturing, testing, marketing, distributing and selling Lexus vehicles.

13.     Toyota designed, manufactured, tested, certified, marketed, distributed, and sold to Plaintiff, SHARON QUINN, the subject 2017 Lexus ES 350 vehicle.

14.     At all relevant times, the TOYOTA Defendants designed, manufactured, tested, certified, marketed, and sold the subject vehicle with the TOYOTA Defendants' "Smart Key" technology, which allows the operator of the vehicle to do the following:

a.  Allows the key fob to remain in the operator's pocket or purse and still start the vehicle by utilizing the electronic software code embedded in the key fob to unlock the ignition;

b.  Start the vehicle without requiring a key to be physically inserted into the ignition switch lock cylinder;

c.  Use the key fob to broadcast a unique signal or code to a key antenna, which in turn reads the signal code and compares it with the code embedded in the vehicle. The code then sends a signal to a computer called the engine control unit ("ECU") that enables the push button starter button to become "hot" or functional;

d.  Start the vehicle without an actual key to insert into an ignition key cylinder, without turning a physical key, and without having to remove a physical key from the ignition key cylinder to turn off the engine;

e.  Inadvertently remove the key fob from the vehicle while the vehicle is still running;

f.  Start the vehicle with the push of a button;

15.     Keyless technology, such as the "Smart Key" system, requires a change to the fundamental and deep-rooted propensity of consumers of turning the key and removing it from the ignition, and can lead to frequent, basic, and predictable errors.

16.     The smart key is a convenience feature in the subject Lexus; not a necessary feature for the vehicle to function as a transportation motor vehicle, and because it allows the operator to remove they key fob and take it away while the vehicle is still running, it creates certain safety risks that did not exist with conventional key technology.

17.     Drivers of "Smart Key" vehicles have reported to the National Highway Transportation Safety Administration ("NHTSA") that they have exited their cars with the key fob on their person and/or mistakenly left the vehicle's engine running.

FILED   Received for Filing   Oakland County Clerk   11/20/2018 4:02 PM

FIEGER, FIEGER, KENNY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

FILED   Received for Filing   Oakland County Clerk   11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C.   ·   A PROFESSIONAL CORPORATION
10300 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

18.    At all relevant times, for at least two years since the occurrence of this incident, other similarly situated automotive companies such as GM and Ford have installed bypasses, including cutoff switches and other mechanisms, which automatically shuts the engine off in vehicles after a certain period of time.

19.    The subject vehicle did not include a cutoff switch, or mechanism of any kind, that would act as a safety guard to automatically shut the engine off after a vehicle was left with the engine running for a period of time to prevent carbon monoxide poisoning.

## FACTUAL ALLEGATIONS

20.    Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this complaint as if fully set forth herein.

21.    On November 14, 2017, at approximately 5:30 p.m., Plaintiff, SHARON QUINN, returned home from a beauty shop appointment and parked her 2017 Lexus ES 350 in her attached garage.

22.    Plaintiff's, SHARON QUINN's, vehicle was equipped with the "Smart Key" technology allowing her to walk away from the subject vehicle, with the key fob in her possession, while the vehicle's engine was still running.

23.    TOYOTA Defendants advertise that the 2017 Lexus ES 350 vehicle has a quiet engine.

24.    Plaintiff, SHARON QUINN, closed the garage door while the engine continued to run without Plaintiff's knowledge.

FILED   Received for Filing   Oakland County Clerk   11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

25.     At all relevant times, the vehicle produced no audible noise or cues indicating that the engine was running, resulting in Plaintiff, SHARON QUINN, to not hear the vehicle as the engine continued to run in her garage.

26.     The "Smart Key" failed to shut off the engine of the subject vehicle, and caused carbon monoxide to flow into the attached garage and seep into Plaintiff's home.

27.     Subsequently, Plaintiff, SHARON QUINN, went to sleep for the night in her bedroom, which is located directly above the garage, and was unaware that the deadly carbon monoxide gas was seeping into her bedroom and poisoning her.

28.     At approximately 2:25 a.m., Plaintiff awoke feeling severely dizzy and nauseous, and began to vomit. ·

29.     At all relevant times, Plaintiff lost bowel and bladder control as a result of the poisoning and defecated and urinated on herself.

30.     At all relevant times, Plaintiff inhaled carbon monoxide for nearly nine hours during the time she was in her home and as she slept.

31.     Plaintiff was disoriented but was able to push a panic button near her bed provided by her home alarm system to alert first responders.

32.     The West Bloomfield Police Department arrived on ·scene but Plaintiff, SHARON QUINN, was unable to open the front door for them due to the severity of her carbon monoxide poisoning.

33.     The West Bloomfield Police Department had to break down the front door in order to get in to Plaintiff's residence to rescue her.

34.     Plaintiff, SHARON QUINN, was taken to the Henry Ford West Bloomfield Hospital where she was admitted for eight days.

35.     Plaintiff's, SHARON QUINN's, carbon monoxide level at the time of admission to the hospital was 35 percent—a nearly lethal level.

36.     As a result of the "Smart Key" system on the 2017 Lexus ES 350, which allowed the Plaintiff, SHARON QUINN, to walk away from her still running vehicle while the key fob remained in her possession, Plaintiff suffered severe injuries from carbon monoxide poisoning that she still suffers from to this day and are expected to be permanent.

37.     Plaintiff, SHARON QUINN, did not engage in any negligent conduct in this matter and is not comparatively negligent.

## COUNT I
## NEGLIGENCE AND/OR GROSS NEGLIGENCE
## ALL DEFENDANTS

38.     Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

39.     At all relevant times, and pursuant to Michigan Law, the TOYOTA Defendants, as an automotive company being in the business of designing, manufacturing, marketing, developing, analyzing, assembling, recommending, merchandising, promoting, and selling the subject vehicle and/or its component parts, owed a duty to act with ordinary care for the safety of the public and specifically to the Plaintiff, SHARON QUINN, which duties include but are not limited to, obeying all common laws, statutes, and ordinances of the County of Oakland and State of Michigan.

40.     At all relevant times, the TOYOTA Defendants had a duty to act as a reasonably careful automotive company in the business of designing, manufacturing, marketing, developing, analyzing, assembling, recommending, merchandising, promoting,

FILED    Received for Filing    Oakland County Clerk    11/20/2018 4:02 PM

FIEGER, FIEGER, KENNY, GIROUX & HARRINGTON, P.C.   ·   A PROFESSIONAL CORPORATION
10300 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

FILED    Received for Filing    Oakland County Clerk    11/20/2018 4:02 PM

FIEGER, FIEGER, KENNY, GIROUX & HARRINGTON, P.C.  ·  A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

and selling the subject vehicle and/or its component parts would act under the same or similar circumstances as outlined in this complaint.

41.     The TOYOTA Defendants had a duty to ensure that the warnings and instructions pertaining to the subject vehicle were adequate, safe, and reasonable, and would warn and instruct users of all known and/or reasonably foreseeable dangers associated with the use of the subject vehicle and its components.

42.     The TOYOTA Defendants knew or should have known that the subject vehicle was defectively designed and or manufactured and was therefore prone to failure under normal conditions, potentially causing carbon monoxide injuries and/or deaths.

43.     At all times relevant hereto, Defendants owed the Plaintiff, SHARON QUINN, the aforementioned duties in particular, including but not limited to, and breached the same by doing the following:

     a.    Allowing operators of the subject vehicle, specifically SHARON QUINN, to remove the key fob from the vehicle and keep it in her possession while the engine remained running;

     b.    Failing to incorporate a cutoff switch, which would prevent the engine from running indefinitely and is a well known feature in the automotive industry, that would shut off the engine after being left idly running for a period of time;

     c.    Failing to consider that the keyless ignition system was a dramatic change from the way that operators were used to turning off the vehicle's engine, which conventionally required that a physical key be inserted into the ignition cylinder and that operators have developed a deep-rooted propensity for;

     d.    Failing to incorporate proper warnings or cues that the key fob was removed and/or that the operator, specifically, SHARON QUINN, had left the vehicle with the key fob in her possession while the engine remained running;

FILED    Received for Filing    Oakland County Clerk    11/20/2018 4:02 PM

FIEGER, FIEGER, KENNY, GIROUX & HARRINGTON, P.C.  • A PROFESSIONAL CORPORATION
10500 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

e.   Failing to use due care in designing, manufacturing, marketing, developing, analyzing, assembling, recommending, merchandising, promoting, and selling the subject vehicle and/or its component parts, in order to avoid the risk of carbon monoxide poisoning to operators, specifically, to Plaintiff SHARON QUINN;

f.   Failure to provide adequate warning of the defect and its propensity to cause and/or contribute to carbon monoxide poisoning, such as the poisoning suffered by Plaintiff, SHARON QUINN;

g.   Failure to provide adequate warning that because the subject vehicle was designed to run quietly and in fact did run so silently that the running engine was inaudible, and that because the vehicle included the "Smart Key" key fob feature that operators were not used to, the risk of leaving the engine running and was substantially increased;

h.   Failure to incorporate reasonable safeguards to the subject vehicle despite knowing about the risk based on past similar instances and complaints made to the NHTSA;

i.   Failure to make timely corrections to the design of the subject vehicle to correct the defect;

j.   Failure to mitigate the hazards associated with the defect in accordance with good engineering practices and industry standards;

k.   Acting in a willful, wanton, and reckless disregard for the safety of operators using the subject vehicle by incorporating the "Smart Key" system, which is merely a superfluous feature, without providing proper warnings and safety features to protect operators from harm and the risk of suffering carbon monoxide poisoning as described herein;

l.   All other breaches of duty identified by Defendants in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

m.   Any and all other breaches that become known through litigation.

FILED   Received for Filing   Oakland County Clerk   11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
10300 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

44.    As a direct and/or the proximate cause of the aforementioned negligence and/or gross negligence by the TOYOTA Defendants, the following serious injuries and damages were sustained by Plaintiff SHARON QUINN , including, but not limited to, the following:

    a.  Brain damage;

    b.  35% level carbon monoxide poisoning—a nearly lethal amount;

    c.  Lack of short term memory;

    d.  Disorientation;

    e.  Dizziness;

    f.  Irritability;

    g.  Paranoia;

    h.  Neuropsychiatric syndrome;

    i.  Elevated troponin;

    j.  Heart attack;

    k.  Acute kidney failure;

    l.  Mottling of skin;

    m.  Movement disorders;

    n.  Partial paralysis in left side of body;

    o.  Gait abnormality requiring mobility aids;

    p.  8 day hospital stay requiring follow-up care;

    q.  Medical bills – past and future;

    r.  Economic loss;

    s.  Conscious pain and suffering;

    t.  Denial of social pleasures and enjoyments;

FILED   Received for Filing   Oakland County Clerk   11/20/2018 4:02 PM

FIEGER, FIEGER, KENNY, GIROUX & HARRINGTON, P.C.   · A PROFESSIONAL CORPORATION
18300 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

u. Embarrassment, humiliation, mortification;

v. Emotional distress, anxiety, mental anguish, fright and shock;

w. Other damages that may become known through the passage of time and/or the course of discovery; and

x. Any and all other damages allowed under Michigan Law.

45.     As a further direct and/or the proximate result of the TOYOTA Defendants' negligence and/or gross negligence, the Plaintiff, SHARON QUINN, was forced to seek extensive care and treatment for her severe injuries, which continue to date and are expected to be permanent.

**WHEREFORE,** Plaintiff, SHARON QUINN, respectfully requests judgment in her favor and against the TOYOTA Defendants in an amount that greatly exceeds Twenty Five Thousand Dollars ($25,000.00), exclusive of costs, interest and attorney fees.

## COUNT II
## PRODUCTS LIABILITY - DESIGN DEFECT MCL 600.2946
## ALL DEFENDANTS

46.     Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

47.     The TOYOTA Defendants, as manufacturers and sellers of the subject 2017 Lexus ES 350, were obligated to ensure that the subject vehicle was reasonably safe at the time that the subject vehicle left the control of the TOYOTA Defendants, pursuant to MCL 600.2946(2).

48.     The TOYOTA Defendants, as manufactures and sellers of the Lexus that is the subject of this complaint, were obligated to ensure that the subject vehicle was reasonably safe according to generally accepted production practices at the time the

specific unit of the product left the control of the manufacturer or seller, pursuant to MCL 600.2946(2).

49.     The TOYOTA Defendants had a duty to use practical and technically feasible alternative production practices that were available that would have prevented the harm without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others, pursuant to MCL 600.2946(2).

50.     At all times relevant hereto, the TOYOTA Defendants owed the Plaintiff, SHARON QUINN, the aforementioned duties in particular, including but not limited to, and breached the same by doing the following:

> a.     Allowing operators of the subject vehicle, specifically SHARON QUINN, to remove the key fob from the vehicle and keep it in her possession while the engine remained running;
>
> b.     Failing to incorporate a cutoff switch, which would prevent the engine from running indefinitely and is a well known feature in the automotive industry, that would shut off the engine after being left idly running for a period of time;
>
> c.     Failing to consider that the keyless ignition system was a dramatic change from the way that operators were used to turning off the vehicle's engine, which conventionally required that a physical key be inserted into the ignition cylinder and that operators have developed a deep-rooted propensity for;
>
> d.     Failing to incorporate proper warnings or cues that the key fob was removed and/or that the operator, specifically, SHARON QUINN, had left the vehicle with the key fob in her possession while the engine remained running;
>
> e.     Failing to use due care in designing, manufacturing, marketing, developing, analyzing, assembling, recommending, merchandising, promoting, and selling the subject vehicle and/or its component parts, in order to avoid the risk of carbon monoxide

FIEGER, FIEGER, KENNY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

FILED     Received for Filing     Oakland County Clerk     11/20/2018 4:02 PM

poisoning to operators, specifically, to Plaintiff SHARON QUINN;

f.    Failure to provide adequate warning of the defect and its propensity to cause and/or contribute to carbon monoxide poisoning, such as the poisoning suffered by Plaintiff, SHARON QUINN;

g.    Failure to provide adequate warning that because the subject vehicle was designed to run quietly and in fact did run so silently that the running engine was inaudible, and that because the vehicle included the "Smart Key" key fob feature that operators were not used to, the risk of leaving the engine running and was substantially increased;

h.    Failure to incorporate reasonable safeguards to the subject vehicle despite knowing about the risk based on past similar instances and complaints made to the NHTSA;

i.    Failing to comply with generally accepted production standards by not installing engine shut off bypasses in the 2017 Lexus ES 350, including cutoff switches that would automatically shut the engine off in vehicles after a certain period of time and which other similarly situated automotive companies such as GM and Ford had already implemented in their vehicle designs years before;

j.    Failure to make timely corrections to the design of the subject vehicle to correct the defect;

k.    Failure to mitigate the hazards associated with the defect in accordance with good engineering practices and industry standards;

l.    Acting in a willful, wanton, and reckless disregard for the safety of operators using the subject vehicle by incorporating the "Smart Key" system, which is merely a superfluous feature, without providing proper warnings and safety features to protect operators from harm and the risk of suffering carbon monoxide poisoning as described herein;

m.    All other breaches of duty identified by Defendants in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

FILED  Received for Filing  Oakland County Clerk  11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
10300 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

n.   Any and all other breaches that become known through litigation.

51.   As a direct and/or the proximate cause of the aforementioned negligence and/or gross negligence by the TOYOTA Defendants, the following serious injuries and damages were sustained by Plaintiff SHARON QUINN , including, but not limited to, the following:

a.   Brain damage;

b.   35% level carbon monoxide poisoning—a nearly lethal amount;

c.   Lack of short term memory;

d.   Disorientation;

e.   Dizziness;

f.   Irritability;

g.   Paranoia;

h.   Neuropsychiatric syndrome;

i.   Elevated troponin;

j.   Heart attack;

k.   Acute kidney failure;

l.   Mottling of skin;

m.   Movement disorders;

n.   Partial paralysis in left side of body;

o.   Gait abnormality requiring mobility aids;

p.   8 day hospital stay requiring follow-up care;

q.   Medical bills – past and future;

r.   Economic loss;

s.   Conscious pain and suffering;

t. Denial of social pleasures and enjoyments;

u. Embarrassment, humiliation, mortification;

v. Emotional distress, anxiety, mental anguish, fright and shock;

w. Other damages that may become known through the passage of time and/or the course of discovery; and

x. Any and all other damages allowed under Michigan Law.

52. As a further direct and/or the proximate result of the TOYOTA Defendants' breached as outlined in paragraph 50, the Plaintiff, SHARON QUINN, was forced to seek extensive care and treatment for her severe injuries, which continue to date and are expected to be permanent.

**WHEREFORE,** Plaintiff, SHARON QUINN, respectfully requests judgment in her favor and against the TOYOTA Defendants in an amount that greatly exceeds Twenty Five Thousand Dollars ($25,000.00), exclusive of costs, interest and attorney fees.

## COUNT III
## PRODUCTS LIABILITY – FAILURE TO WARN
## ALL DEFENDANTS

53. The TOYOTA Defendants knew that the subject vehicle, and its component parts, would be purchased and used without inspection for defects in the design of the vehicle.

54. The subject vehicle was defective when it left the control of each of the TOYOTA Defendants.

55. At the time of the subject vehicle's design, manufacture, and sale, and up to the time of the Plaintiff's, SHARON QUINN's, injuries, the TOYOTA Defendants knew

FILED Received for Filing Oakland County Clerk 11/20/2018 4:02 PM

FIEGER, FIEGER, KENNY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

FILED    Received for Filing    Oakland County Clerk    11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

or should have known of the substantial dangers involved in the foreseeable use of the subject vehicle, whose defective design and lack of sufficient warnings caused them to have an unreasonably dangerous propensity to emit excessive carbon monoxide without warning, and thereby cause injuries, specifically to Plaintiff, SHARON QUINN.

56.    At all relevant times, similar instances of carbon monoxide poisoning had occurred with vehicles that incorporated the keyless technology and numerous complaints were made to the NHTSA, and the TOYOTA Defendants knew or should have known that their keyless technology, the "Smart Key" key fob feature, posed the same risk carbon monoxide poisoning risk to their consumers, and specifically to Plaintiff, SHARON QUINN;

57.    The TOYOTA Defendants knew that these substantial dangers are not readily recognizable to an ordinary consumer and that consumers would purchase and use these products without inspection.

58.    At all relevant times, the TOYOTA Defendants failed to provide adequate warnings, instructions, guidelines, or admonitions to members of the consuming public, including Plaintiff, SHARON QUINN of the defects, which Defendants knew, or in the exercise of reasonable care should have known, to have existed in the subject vehicle, and its component parts.

59.    At the time of Plaintiffs' injuries, the subject vehicle was being used in the manner intended by the TOYOTA Defendants and in a manner that was reasonably foreseeable by the TOYOTA Defendants as involving substantial danger that was not readily apparent to its users.

{00649568.DOC}    16

60. By failing to adequately warn Plaintiff, SHARON QUINN, of the defects in the subject vehicle manufactured and sold by the TOYOTA Defendants, the Defendants breached the duty owed to consumers and specifically to Plaintiff, SHARON QUINN.

61. Plaintiffs' injuries and damages, as outlined in paragraph 51 of this complaint, were the direct and proximate cause of the TOYOTA Defendants' failure to provide adequate warnings.

**WHEREFORE,** Plaintiff, SHARON QUINN, respectfully requests judgment in her favor and against the TOYOTA Defendants in an amount that greatly exceeds Twenty Five Thousand Dollars ($25,000.00), exclusive of costs, interest and attorney fees.

## COUNT IV
## BREACH OF IMPLIED WARRANTIES, MERCHANTABILITY, AND FITNESS FOR A PARTICULAR PURPOSE ALL DEFENDANTS

62. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

63. At all relevant times, there was an implied warranty by the TOYOTA Defendants to operators of the subject vehicle, and specifically Plaintiff, SHARON QUINN, that the subject vehicle was of merchantable quality and fit for its intended purpose of driving and parking.

64. Consumers and operators of the Lexus 2017 Lexus ES 350, specifically Plaintiff, SHARON QUINN, were intended third party beneficiaries of the implied warranties of merchantability and fitness for a particular purpose.

65. The TOYOTA Defendants warranted that the subject vehicle was safe and complied with all Federal Motor Vehicle Safety Standards, and provided other warranties when marketing and advertising the subject vehicle, and in the documents provided with the vehicle.

66.    The TOYOTA Defendants warranted that the subject vehicle was fit for its intended and reasonably foreseeable purpose, use, misuse, and manners of use, and was of a merchantable quality.

67.    The TOYOTA Defendants breached these and other warranties, because the subject vehicle did not comply with Federal Motor Vehicle Safety Standards, was not safe, was not fit for its intended or reasonably foreseeable use or operation and was not of merchantable quality.

68.    The aforementioned breaches of warranties were a direct and proximate cause of the incident that is the subject matter of this complaint and Plaintiff's, SHARON QUINN's, injuries as outlined in paragraph 51 of this complaint.

69.    Plaintiffs relied on the skill and judgment of the TOYOTA Defendants in the purchase, selection, and use of the subject vehicle as a safe and reliable means for transportation.

70.    The subject vehicle was not of merchantable quality as warranted by the TOYOTA Defendants, in that it was defectively designed, thereby dangerously exposing the operator of the vehicle, specifically, SHARON QUINN, to serious injury.

**WHEREFORE,** Plaintiff, SHARON QUINN, respectfully requests judgment in her favor and against the TOYOTA Defendants in an amount that greatly exceeds Twenty Five Thousand Dollars ($25,000.00), exclusive of costs, interest and attorney fees.

*FIEGER, FIEER, KENNEY*
*& HARRINGTON, P.C.*

By:    /s/ Donald H. Dawson, Jr.
       GEOFFREY N. FIEGER (P30441)
       DONALD H. DAWSON, JR. (P29692)
       Attorneys for Plaintiff
       19390 West Ten Mile Road
       Southfield, Michigan 48075-2463
       (248) 355-5555 Fax: (248) 355-5148

Dated: November 20, 2018

{00649568.DOC}                                    18

FILED    Received for Filing    Oakland County Clerk    11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

SHARON QUINN,                                    Case No: 2018-169980-NO
                                                 Hon. Martha D. Anderson
            Plaintiff,

v.

TOYOTA MOTOR SALES, U.S.A., INC.,
a California Corporation; TOYOTA MOTOR
NORTH AMERICA, INC., a California
Corporation; TOYOTA MOTOR ENGINEERING
& MANUFACTURING NORTH AMERICA, INC.,
a Foreign Corporation; and TOYOTA MOTOR
DISTRIBUTORS, INC., d/b/a TOYOTA MOTOR
CORPORATION, a Foreign Corporation;

            Defendants.
_____/

GEOFFREY N. FIEGER (P30441)
DONALD H. DAWSON, JR. (P29692)
Fieger, Fieger, Kenney
& Harrington P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555
_____/

**JURY DEMAND**

**NOW COME** Plaintiff, SHARON QUINN, by and through her attorneys, FIEGER,

FIEGER, KENNEY, & HARRINGTON, P.C., and hereby request a trial by jury in this matter.

                                   *FIEGER, FIEER, KENNEY*
                                   *& HARRINGTON, P.C.*

                           By:     /s/ Donald H. Dawson, Jr.
                                   GEOFFREY N. FIEGER (P30441)
                                   DONALD H. DAWSON, JR. (P29692)
                                   Attorneys for Plaintiff
                                   19390 West Ten Mile Road
                                   Southfield, Michigan 48075-2463
Dated: November 20, 2018           (248) 355-5555 Fax: (248) 355-5148

{00649568.DOC}                                    19

 CT Corporation

**Service of Process Transmittal**
01/09/2019
CT Log Number 534703069

TO: Dorothy Tsusaki
Toyota Legal One
c/o Toyota Motor North America, Inc., 6565 Headquarters Drive
Plano, TX 75024

RE: **Process Served in Michigan**

FOR: Toyota Motor North America, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SHARON QUINN, Pltf. vs. TOYOTA MOTOR SALES, U.S.A., INC., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summon, Certificate, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Oakland County - 6th Circuit Court, MI
Case # 2018169980NO |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury - 2017 Lexus ES 350 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Plymouth, MI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/09/2019 at 15:08 |
| **JURISDICTION SERVED :** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after receipt |
| **ATTORNEY(S) / SENDER(S):** | GEOFFREY N. FIEGER
Fieger, Fieger, Kenney & Harrington P.C.
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/10/2019, Expected Purge Date: 01/15/2019

Image SOP

Email Notification, Ellen L Farrell ellen.l.farrell@toyota.com

Email Notification, Dorothy Tsusaki dorothy.tsusaki@toyota.com

Email Notification, Lola Waldrum lola.waldrum@toyota.com

Email Notification, Serena Stout serena.stout@toyota.com |
| **SIGNED:**
**ADDRESS:**

**TELEPHONE:** | The Corporation Company
40600 ANN ARBOR RD E STE 201
Plymouth, MI 48170-4675
213-337-4615 |

Page 1 of 1 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

Original - Court     2nd copy - Plaintiff
1st copy - Defendant     3rd copy - Return

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 6th    JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | 2018-169980-NO<br>18-       -NO<br>JUDGE MARTHA D.<br>~~ANDERSON~~ |

Court address                                          Court telephone no.
1200 Telegraph Rd, Pontiac, MI 48340                    (248) 858-0344

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| SHARON QUINN | v | TOYOTA MOTOR NORTH AMERICA, INC., a California Corporation |

Plaintiff's attorney, bar no., address, and telephone no.
Geoffrey N. Fieger (P30441)
Donald H. Dawson Jr (P29692)
Fieger, Fieger, Kenney & Harrington, PC
19390 W. 10 Mile Rd.
Southfield, MI 48075 / 248-355-5555

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 11/16/2018 | 02/15/2019 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (8/18)   **SUMMONS**                                    MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

FILED   Received for Filing   Oakland County Clerk   11/16/2018 12:07 PM

11/16/2018 12:07 PM Oakland County Clerk Received for Filing FILED

| | SUMMONS |
|---|---|
| **PROOF OF SERVICE** | Case No. 18- -NO |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                            Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

SHARON QUINN,

       Plaintiff,

v.

TOYOTA MOTOR SALES, U.S.A., INC.,
a California Corporation; TOYOTA MOTOR
NORTH AMERICA, INC., a California
Corporation; TOYOTA MOTOR ENGINEERING
& MANUFACTURING NORTH AMERICA, INC.,
a Foreign Corporation; and TOYOTA MOTOR
DISTRIBUTORS, INC., d/b/a TOYOTA MOTOR
CORPORATION, a Foreign Corporation;

       Defendants.

Case No: 2018-169980-NO
Hon. Martha D. Anderson

_____/

GEOFFREY N. FIEGER (P30441)
DONALD H. DAWSON, JR. (P29692)
Fieger, Fieger, Kenney
& Harrington P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555

_____/

## AMENDED COMPLAINT AND JURY DEMAND pd/hl

    **NOW COMES** Plaintiff, SHARON QUINN, by and through her attorneys,

FIEGER, FIEGER, KENNEY, & HARRINGTON, P.C., and for her Complaint against the

above-named Defendants, states as follows:

### PARTIES AND JURISDICTION

    1.    At all relevant times, Plaintiff, SHARON QUINN, was a resident of the

City of West Bloomfield, County of Oakland, State of Michigan.

FILED Received for Filing Oakland County Clerk 11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
10390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

FILED Received for Filing Oakland County Clerk 11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRISON, P.C. · A PROFESSIONAL CORPORATION
10300 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

2.     At all relevant times, Defendant, TOYOTA MOTOR SALES, U.S.A, INC. (hereinafter, "TOYOTA USA") was a California Corporation, headquartered in the City of Torrance, County of Los Angeles, State of California, but engaging in regular and systematic business in the City of West Bloomfield, County of Oakland, State of Michigan and with its Registered Agent listed as The Corporation Company, located at 40600 Ann Arbor Rd. E Ste 201, Plymouth, MI 48170.

3.     At all relevant times, Defendant, TOYOTA MOTOR NORTH AMERICA, INC. (hereinafter, "TOYOTA NORTH AMERICA") was a California Corporation, headquartered in the City of Torrance, County of Los Angeles, State of California, but engaging in regular and systematic business in the City of West Bloomfield, County of Oakland, State of Michigan and with its Registered Agent listed as The Corporation Company, located at 40600 Ann Arbor Rd. E Ste 201, Plymouth, MI 48170.

4.     At all relevant times, Defendant, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. (hereinafter, "TOYOTA ENGINEERING") was a Kentucky Corporation, headquartered in the City of Erlanger, County of Kenton, State of Kentucky, but engaging in regular and systematic business in the City of West Bloomfield, County of Oakland, State of Michigan and with its Registered Agent listed as The Corporation Company, located at 40600 Ann Arbor Rd. E Ste 201, Plymouth, MI 48170.

5.     Upon information and belief, each Toyota entity named above is a wholly owned subsidiary of Defendant, TOYOTA MOTOR DISTRIBUTORS, INC. d/b/a TOYOTA MOTOR CORPORATION (hereinafter, "TOYOTA CORP."), a Japanese Corporation headquartered in the City of Toyota, Aichi Prefecture, Country of Japan, but

engaging in regular and systematic business in the City of West Bloomfield, County of Oakland, State of Michigan and with its Registered Agent listed as The Prentice Hall Corporation System, Inc., located at 601 Abbot Road, East Lansing, Michigan 48823.

6.     Hereinafter, the above-named Defendants are collectively referred to as the "TOYOTA Defendants."

7.     The acts, transactions and/or occurrences giving rise to the injuries complained of herein, occurred within the confines of the City of West Bloomfield, County of Oakland, State of Michigan on or about November 14, 2017 at approximately 5:30 p.m.

8.     That the amount in controversy in this cause greatly exceeds Twenty-Five Thousand ($25,000.00) Dollars, exclusive of costs, interest and attorney fees.

9.     Venue and Jurisdiction are properly vested in the court.

## GENERAL ALLEGATIONS

10.     Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

11.     This case involves a design defect in the 2017 Lexus ES 350, manufactured by TOYOTA, which caused a 76-year-old woman to be poisoned by carbon monoxide and as a result, permanently injured, by her own Lexus vehicle.

12.     The TOYOTA Defendants are in the business, on their own and through their wholly owned subsidiaries, of designing, manufacturing, testing, marketing, distributing and selling Lexus vehicles.

13.     Toyota designed, manufactured, tested, certified, marketed, distributed, and sold to Plaintiff, SHARON QUINN, the subject 2017 Lexus ES 350 vehicle.

14.    At all relevant times, the TOYOTA Defendants designed, manufactured, tested,

certified, marketed, and sold the subject vehicle with the TOYOTA Defendants' "Smart Key"

technology, which allows the operator of the vehicle to do the following:

    a.  Allows the key fob to remain in the operator's pocket or purse and still start the vehicle by utilizing the electronic software code embedded in the key fob to unlock the ignition;

    b.  Start the vehicle without requiring a key to be physically inserted into the ignition switch lock cylinder;

    c.  Use the key fob to broadcast a unique signal or code to a key antenna, which in turn reads the signal code and compares it with the code embedded in the vehicle. The code then sends a signal to a computer called the engine control unit ("ECU") that enables the push button starter button to become "hot" or functional;

    d.  Start the vehicle without an actual key to insert into an ignition key cylinder, without turning a physical key, and without having to remove a physical key from the ignition key cylinder to turn off the engine;

    e.  Inadvertently remove the key fob from the vehicle while the vehicle is still running;

    f.  Start the vehicle with the push of a button;

15.    Keyless technology, such as the "Smart Key" system, requires a change to

the fundamental and deep-rooted propensity of consumers of turning the key and removing

it from the ignition, and can lead to frequent, basic, and predictable errors.

16.    The smart key is a convenience feature in the subject Lexus; not a necessary

feature for the vehicle to function as a transportation motor vehicle, and because it allows

the operator to remove they key fob and take it away while the vehicle is still running, it

creates certain safety risks that did not exist with conventional key technology.

17.    Drivers of "Smart Key" vehicles have reported to the National Highway

Transportation Safety Administration ("NHTSA") that they have exited their cars with the

key fob on their person and/or mistakenly left the vehicle's engine running.

18.     At all relevant times, for at least two years since the occurrence of this incident, other similarly situated automotive companies such as GM and Ford have installed bypasses, including cutoff switches and other mechanisms, which automatically shuts the engine off in vehicles after a certain period of time.

19.     The subject vehicle did not include a cutoff switch, or mechanism of any kind, that would act as a safety guard to automatically shut the engine off after a vehicle was left with the engine running for a period of time to prevent carbon monoxide poisoning.

## FACTUAL ALLEGATIONS

20.     Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this complaint as if fully set forth herein.

21.     On November 14, 2017, at approximately 5:30 p.m., Plaintiff, SHARON QUINN, returned home from a beauty shop appointment and parked her 2017 Lexus ES 350 in her attached garage.

22.     Plaintiff's, SHARON QUINN's, vehicle was equipped with the "Smart Key" technology allowing her to walk away from the subject vehicle, with the key fob in her possession, while the vehicle's engine was still running.

23.     TOYOTA Defendants advertise that the 2017 Lexus ES 350 vehicle has a quiet engine.

24.     Plaintiff, SHARON QUINN, closed the garage door while the engine continued to run without Plaintiff's knowledge.

{00649568.DOC}                                                          5

FILED    Received for Filing    Oakland County Clerk    11/20/2018 4:02 PM

FIEGER, FIEGER, KENNY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
10380 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

25. At all relevant times, the vehicle produced no audible noise or cues indicating that the engine was running, resulting in Plaintiff, SHARON QUINN, to not hear the vehicle as the engine continued to run in her garage.

26. The "Smart Key" failed to shut off the engine of the subject vehicle, and caused carbon monoxide to flow into the attached garage and seep into Plaintiff's home.

27. Subsequently, Plaintiff, SHARON QUINN, went to sleep for the night in her bedroom, which is located directly above the garage, and was unaware that the deadly carbon monoxide gas was seeping into her bedroom and poisoning her.

28. At approximately 2:25 a.m., Plaintiff awoke feeling severely dizzy and nauseous, and began to vomit.

29. At all relevant times, Plaintiff lost bowel and bladder control as a result of the poisoning and defecated and urinated on herself.

30. At all relevant times, Plaintiff inhaled carbon monoxide for nearly nine hours during the time she was in her home and as she slept.

31. Plaintiff was disoriented but was able to push a panic button near her bed provided by her home alarm system to alert first responders.

32. The West Bloomfield Police Department arrived on scene but Plaintiff, SHARON QUINN, was unable to open the front door for them due to the severity of her carbon monoxide poisoning.

33. The West Bloomfield Police Department had to break down the front door in order to get in to Plaintiff's residence to rescue her.

34. Plaintiff, SHARON QUINN, was taken to the Henry Ford West Bloomfield Hospital where she was admitted for eight days.

35. Plaintiff's, SHARON QUINN's, carbon monoxide level at the time of admission to the hospital was 35 percent—a nearly lethal level.

36. As a result of the "Smart Key" system on the 2017 Lexus ES 350, which allowed the Plaintiff, SHARON QUINN, to walk away from her still running vehicle while the key fob remained in her possession, Plaintiff suffered severe injuries from carbon monoxide poisoning that she still suffers from to this day and are expected to be permanent.

37. Plaintiff, SHARON QUINN, did not engage in any negligent conduct in this matter and is not comparatively negligent.

## COUNT I
## NEGLIGENCE AND/OR GROSS NEGLIGENCE
## ALL DEFENDANTS

38. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

39. At all relevant times, and pursuant to Michigan Law, the TOYOTA Defendants, as an automotive company being in the business of designing, manufacturing, marketing, developing, analyzing, assembling, recommending, merchandising, promoting, and selling the subject vehicle and/or its component parts, owed a duty to act with ordinary care for the safety of the public and specifically to the Plaintiff, SHARON QUINN, which duties include but are not limited to, obeying all common laws, statutes, and ordinances of the County of Oakland and State of Michigan.

40. At all relevant times, the TOYOTA Defendants had a duty to act as a reasonably careful automotive company in the business of designing, manufacturing, marketing, developing, analyzing, assembling, recommending, merchandising, promoting,

FILED   Received for Filing   Oakland County Clerk   11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
10390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

and selling the subject vehicle and/or its component parts would act under the same or similar circumstances as outlined in this complaint.

41.     The TOYOTA Defendants had a duty to ensure that the warnings and instructions pertaining to the subject vehicle were adequate, safe, and reasonable, and would warn and instruct users of all known and/or reasonably foreseeable dangers associated with the use of the subject vehicle and its components.

42.     The TOYOTA Defendants knew or should have known that the subject vehicle was defectively designed and or manufactured and was therefore prone to failure under normal conditions, potentially causing carbon monoxide injuries and/or deaths.

43.     At all times relevant hereto, Defendants owed the Plaintiff, SHARON QUINN, the aforementioned duties in particular, including but not limited to, and breached the same by doing the following:

a.     Allowing operators of the subject vehicle, specifically SHARON QUINN, to remove the key fob from the vehicle and keep it in her possession while the engine remained running;

b.     Failing to incorporate a cutoff switch, which would prevent the engine from running indefinitely and is a well known feature in the automotive industry, that would shut off the engine after being left idly running for a period of time;

c.     Failing to consider that the keyless ignition system was a dramatic change from the way that operators were used to turning off the vehicle's engine, which conventionally required that a physical key be inserted into the ignition cylinder and that operators have developed a deep-rooted propensity for;

d.     Failing to incorporate proper warnings or cues that the key fob was removed and/or that the operator, specifically, SHARON QUINN, had left the vehicle with the key fob in her possession while the engine remained running;

{00649568.DOC}                                    8

FILED Received for Filing Oakland County Clerk 11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
18300 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

e.    Failing to use due care in designing, manufacturing, marketing, developing, analyzing, assembling, recommending, merchandising, promoting, and selling the subject vehicle and/or its component parts, in order to avoid the risk of carbon monoxide poisoning to operators, specifically, to Plaintiff SHARON QUINN;

f.    Failure to provide adequate warning of the defect and its propensity to cause and/or contribute to carbon monoxide poisoning, such as the poisoning suffered by Plaintiff, SHARON QUINN;

.g.    Failure to provide adequate warning that because the subject vehicle was designed to run quietly and in fact did run so silently that the running engine was inaudible, and that because the vehicle included the "Smart Key" key fob feature that operators were not used to, the risk of leaving the engine running and was substantially increased;

h.    Failure to incorporate reasonable safeguards to the subject vehicle despite knowing about the risk based on past similar instances and complaints made to the NHTSA;

i.    Failure to make timely corrections to the design of the subject vehicle to correct the defect;

j.    Failure to mitigate the hazards associated with the defect in accordance with good engineering practices and industry standards;

k.    Acting in a willful, wanton, and reckless disregard for the safety of operators using the subject vehicle by incorporating the "Smart Key" system, which is merely a superfluous feature, without providing proper warnings and safety features to protect operators from harm and the risk of suffering carbon monoxide poisoning as described herein;

l.    All other breaches of duty identified by Defendants in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

m.    Any and all other breaches that become known through litigation.

44. As a direct and/or the proximate cause of the aforementioned negligence and/or gross negligence by the TOYOTA Defendants, the following serious injuries and damages were sustained by Plaintiff SHARON QUINN , including, but not limited to, the following:

    a. Brain damage;

    b. 35% level carbon monoxide poisoning—a nearly lethal amount;

    c. Lack of short term memory;

    d. Disorientation;

    e. Dizziness;

    f. Irritability;

    g. Paranoia;

    h. Neuropsychiatric syndrome;

    i. Elevated troponin;

    j. Heart attack;

    k. Acute kidney failure;

    l. Mottling of skin;

    m. Movement disorders;

    n. Partial paralysis in left side of body;

    o. Gait abnormality requiring mobility aids;

    p. 8 day hospital stay requiring follow-up care;

    q. Medical bills – past and future;

    r. Economic loss;

    s. Conscious pain and suffering;

    t. Denial of social pleasures and enjoyments;

FILED   Received for Filing   Oakland County Clerk   11/20/2018 4:02 PM

FIEGER, FIEGER, KENNY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

u. Embarrassment, humiliation, mortification;

v. Emotional distress, anxiety, mental anguish, fright and shock;

w. Other damages that may become known through the passage of time and/or the course of discovery; and

x. Any and all other damages allowed under Michigan Law.

45. As a further direct and/or the proximate result of the TOYOTA Defendants' negligence and/or gross negligence, the Plaintiff, SHARON QUINN, was forced to seek extensive care and treatment for her severe injuries, which continue to date and are expected to be permanent.

**WHEREFORE,** Plaintiff, SHARON QUINN, respectfully requests judgment in her favor and against the TOYOTA Defendants in an amount that greatly exceeds Twenty Five Thousand Dollars ($25,000.00), exclusive of costs, interest and attorney fees.

**COUNT II**
**PRODUCTS LIABILITY - DESIGN DEFECT MCL 600.2946**
**ALL DEFENDANTS**

46. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

47. The TOYOTA Defendants, as manufacturers and sellers of the subject 2017 Lexus ES 350, were obligated to ensure that the subject vehicle was reasonably safe at the time that the subject vehicle left the control of the TOYOTA Defendants, pursuant to MCL 600.2946(2).

48. The TOYOTA Defendants, as manufactures and sellers of the Lexus that is the subject of this complaint, were obligated to ensure that the subject vehicle was reasonably safe according to generally accepted production practices at the time the

FILED  Received for Filing  Oakland County Clerk  11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C.  • A PROFESSIONAL CORPORATION  10300 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

specific unit of the product left the control of the manufacturer or seller, pursuant to MCL 600.2946(2).

49. The TOYOTA Defendants had a duty to use practical and technically feasible alternative production practices that were available that would have prevented the harm without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others, pursuant to MCL 600.2946(2).

50. At all times relevant hereto, the TOYOTA Defendants owed the Plaintiff, SHARON QUINN, the aforementioned duties in particular, including but not limited to, and breached the same by doing the following:

    a.    Allowing operators of the subject vehicle, specifically SHARON QUINN, to remove the key fob from the vehicle and keep it in her possession while the engine remained running;

    b.    Failing to incorporate a cutoff switch, which would prevent the engine from running indefinitely and is a well known feature in the automotive industry, that would shut off the engine after being left idly running for a period of time;

    c.    Failing to consider that the keyless ignition system was a dramatic change from the way that operators were used to turning off the vehicle's engine, which conventionally required that a physical key be inserted into the ignition cylinder and that operators have developed a deep-rooted propensity for;

    d.    Failing to incorporate proper warnings or cues that the key fob was removed and/or that the operator, specifically, SHARON QUINN, had left the vehicle with the key fob in her possession while the engine remained running;

    e.    Failing to use due care in designing, manufacturing, marketing, developing, analyzing, assembling, recommending, merchandising, promoting, and selling the subject vehicle and/or its component parts, in order to avoid the risk of carbon monoxide

FILED  Received for Filing  Oakland County Clerk  11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

FILED Received for Filing Oakland County Clerk 11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

poisoning to operators, specifically, to Plaintiff SHARON QUINN;

f.    Failure to provide adequate warning of the defect and its propensity to cause and/or contribute to carbon monoxide poisoning, such as the poisoning suffered by Plaintiff, SHARON QUINN;

g.    Failure to provide adequate warning that because the subject vehicle was designed to run quietly and in fact did run so silently that the running engine was inaudible, and that because the vehicle included the "Smart Key" key fob feature that operators were not used to, the risk of leaving the engine running and was substantially increased;

h.    Failure to incorporate reasonable safeguards to the subject vehicle despite knowing about the risk based on past similar instances and complaints made to the NHTSA;

i.    Failing to comply with generally accepted production standards by not installing engine shut off bypasses in the 2017 Lexus ES 350, including cutoff switches that would automatically shut the engine off in vehicles after a certain period of time and which other similarly situated automotive companies such as GM and Ford had already implemented in their vehicle designs years before;

j.    Failure to make timely corrections to the design of the subject vehicle to correct the defect;

k.    Failure to mitigate the hazards associated with the defect in accordance with good engineering practices and industry standards;

l.    Acting in a willful, wanton, and reckless disregard for the safety of operators using the subject vehicle by incorporating the "Smart Key" system, which is merely a superfluous feature, without providing proper warnings and safety features to protect operators from harm and the risk of suffering carbon monoxide poisoning as described herein;

m.    All other breaches of duty identified by Defendants in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

{00649568.DOC}          13

n.    Any and all other breaches that become known through litigation.

51.    As a direct and/or the proximate cause of the aforementioned negligence and/or gross negligence by the TOYOTA Defendants, the following serious injuries and damages were sustained by Plaintiff SHARON QUINN , including, but not limited to, the following:

a.  Brain damage;

b.  35% level carbon monoxide poisoning—a nearly lethal amount;

c.  Lack of short term memory;

d.  Disorientation;

e.  Dizziness;

f.  Irritability;

g.  Paranoia;

h.  Neuropsychiatric syndrome;

i.  Elevated troponin;

j.  Heart attack;

k.  Acute kidney failure;

l.  Mottling of skin;

m.  Movement disorders;

n.  Partial paralysis in left side of body;

o.  Gait abnormality requiring mobility aids;

p.  8 day hospital stay requiring follow-up care;

q.  Medical bills -- past and future;

r.  Economic loss;

s.  Conscious pain and suffering;

FILED Received for Filing Oakland County Clerk 11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

FILED Received for Filing Oakland County Clerk 11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

t. Denial of social pleasures and enjoyments;

u. Embarrassment, humiliation, mortification;

v. Emotional distress, anxiety, mental anguish, fright and shock;

w. Other damages that may become known through the passage of time and/or the course of discovery; and

x. Any and all other damages allowed under Michigan Law.

52. As a further direct and/or the proximate result of the TOYOTA Defendants' breached as outlined in paragraph 50, the Plaintiff, SHARON QUINN, was forced to seek extensive care and treatment for her severe injuries, which continue to date and are expected to be permanent.

**WHEREFORE,** Plaintiff, SHARON QUINN, respectfully requests judgment in her favor and against the TOYOTA Defendants in an amount that greatly exceeds Twenty Five Thousand Dollars ($25,000.00), exclusive of costs, interest and attorney fees.

## COUNT III
## PRODUCTS LIABILITY – FAILURE TO WARN
## ALL DEFENDANTS

53. The TOYOTA Defendants knew that the subject vehicle, and its component parts, would be purchased and used without inspection for defects in the design of the vehicle.

54. The subject vehicle was defective when it left the control of each of the TOYOTA Defendants.

55. At the time of the subject vehicle's design, manufacture, and sale, and up to the time of the Plaintiff's, SHARON QUINN's, injuries, the TOYOTA Defendants knew

or should have known of the substantial dangers involved in the foreseeable use of the subject vehicle, whose defective design and lack of sufficient warnings caused them to have an unreasonably dangerous propensity to emit excessive carbon monoxide without warning, and thereby cause injuries, specifically to Plaintiff, SHARON QUINN.

56. At all relevant times, similar instances of carbon monoxide poisoning had occurred with vehicles that incorporated the keyless technology and numerous complaints were made to the NHTSA, and the TOYOTA Defendants knew or should have known that their keyless technology, the "Smart Key" key fob feature, posed the same risk carbon monoxide poisoning risk to their consumers, and specifically to Plaintiff, SHARON QUINN;

57. The TOYOTA Defendants knew that these substantial dangers are not readily recognizable to an ordinary consumer and that consumers would purchase and use these products without inspection.

58. At all relevant times, the TOYOTA Defendants failed to provide adequate warnings, instructions, guidelines, or admonitions to members of the consuming public, including Plaintiff, SHARON QUINN of the defects, which Defendants knew, or in the exercise of reasonable care should have known, to have existed in the subject vehicle, and its component parts.

59. At the time of Plaintiffs' injuries, the subject vehicle was being used in the manner intended by the TOYOTA Defendants and in a manner that was reasonably foreseeable by the TOYOTA Defendants as involving substantial danger that was not readily apparent to its users.

60.     By failing to adequately warn Plaintiff, SHARON QUINN, of the defects in the subject vehicle manufactured and sold by the TOYOTA Defendants, the Defendants breached the duty owed to consumers and specifically to Plaintiff, SHARON QUINN.

61.     Plaintiffs' injuries and damages, as outlined in paragraph 51 of this complaint, were the direct and proximate cause of the TOYOTA Defendants' failure to provide adequate warnings.

WHEREFORE, Plaintiff, SHARON QUINN, respectfully requests judgment in her favor and against the TOYOTA Defendants in an amount that greatly exceeds Twenty Five Thousand Dollars ($25,000.00), exclusive of costs, interest and attorney fees.

## COUNT IV
## BREACH OF IMPLIED WARRANTIES, MERCHANTABILITY, AND FITNESS FOR A PARTICULAR PURPOSE
## ALL DEFENDANTS

62.     Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

63.     At all relevant times, there was an implied warranty by the TOYOTA Defendants to operators of the subject vehicle, and specifically Plaintiff, SHARON QUINN, that the subject vehicle was of merchantable quality and fit for its intended purpose of driving and parking.

64.     Consumers and operators of the Lexus 2017 Lexus ES 350, specifically Plaintiff, SHARON QUINN, were intended third party beneficiaries of the implied warranties of merchantability and fitness for a particular purpose.

65.     The TOYOTA Defendants warranted that the subject vehicle was safe and complied with all Federal Motor Vehicle Safety Standards, and provided other warranties when marketing and advertising the subject vehicle, and in the documents provided with the vehicle.

66.    The TOYOTA Defendants warranted that the subject vehicle was fit for its intended and reasonably foreseeable purpose, use, misuse, and manners of use, and was of a merchantable quality.

67.    The TOYOTA Defendants breached these and other warranties, because the subject vehicle did not comply with Federal Motor Vehicle Safety Standards, was not safe, was not fit for its intended or reasonably foreseeable use or operation and was not of merchantable quality.

68.    The aforementioned breaches of warranties were a direct and proximate cause of the incident that is the subject matter of this complaint and Plaintiff's, SHARON QUINN's, injuries as outlined in paragraph 51 of this complaint.

69.    Plaintiffs relied on the skill and judgment of the TOYOTA Defendants in the purchase, selection, and use of the subject vehicle as a safe and reliable means for transportation.

70.    The subject vehicle was not of merchantable quality as warranted by the TOYOTA Defendants, in that it was defectively designed, thereby dangerously exposing the operator of the vehicle, specifically, SHARON QUINN, to serious injury.

**WHEREFORE,** Plaintiff, SHARON QUINN, respectfully requests judgment in her favor and against the TOYOTA Defendants in an amount that greatly exceeds Twenty Five Thousand Dollars ($25,000.00), exclusive of costs, interest and attorney fees.

*FIEGER, FIEER, KENNEY*
*& HARRINGTON, P.C.*

By:    /s/ Donald H. Dawson, Jr.
       GEOFFREY N. FIEGER (P30441)
       DONALD H. DAWSON, JR. (P29692)
       Attorneys for Plaintiff
       19390 West Ten Mile Road
       Southfield, Michigan 48075-2463
       (248) 355-5555 Fax: (248) 355-5148

Dated: November 20, 2018

FILED Received for Filing Oakland County Clerk 11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD, MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

SHARON QUINN,                                          Case No: 2018-169980-NO
                                                       Hon. Martha D. Anderson
                    Plaintiff,

v.

TOYOTA MOTOR SALES, U.S.A., INC.,
a California Corporation; TOYOTA MOTOR
NORTH AMERICA, INC., a California
Corporation; TOYOTA MOTOR ENGINEERING
& MANUFACTURING NORTH AMERICA, INC.,
a Foreign Corporation; and TOYOTA MOTOR
DISTRIBUTORS, INC., d/b/a TOYOTA MOTOR
CORPORATION, a Foreign Corporation;

                    Defendants.
_____/

GEOFFREY N. FIEGER (P30441)
DONALD H. DAWSON, JR. (P29692)
Fieger, Fieger, Kenney
& Harrington P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555
_____/

**JURY DEMAND**
     **NOW COME** Plaintiff, SHARON QUINN, by and through her attorneys, FIEGER,

FIEGER, KENNEY, & HARRINGTON, P.C., and hereby request a trial by jury in this matter.

                         *FIEGER, FIEER, KENNEY*
                         *& HARRINGTON, P.C.*

                    By:   /s/ Donald H. Dawson, Jr.
                         GEOFFREY N. FIEGER (P30441)
                         DONALD H. DAWSON, JR. (P29692)
                         Attorneys for Plaintiff
                         19390 West Ten Mile Road
                         Southfield, Michigan 48075-2463
Dated: November 20, 2018      (248) 355-5555 Fax: (248) 355-5148

{00649568.DOC}                                     19

 **CT Corporation**

**Service of Process Transmittal**
01/09/2019
CT Log Number 534703780

TO: Dorothy Tsusaki
Toyota Legal One
c/o Toyota Motor North America, Inc., 6565 Headquarters Drive
Plano, TX 75024

RE: **Process Served in Michigan**

FOR: Toyota Motor Engineering & Manufacturing North America, Inc.  (Domestic State: KY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SHARON QUINN, Pltf. vs. TOYOTA MOTOR SALES, U.S.A., INC., etc., et al., Dfts. // To: Toyota Motor Engineering & Manufacturing North America, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint |
| **COURT/AGENCY:** | Oakland County - 6th Circuit Court, MI<br>Case # 2018169980NO |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty - "Smart Key system |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Plymouth, MI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/09/2019 at 15:08 |
| **JURISDICTION SERVED :** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Donald H. Dawson. Jr.<br>FIEGER, FJEER, KENNEY & HARRINGTON, P.C.<br>19390 West Ten Mile Road<br>Southfield, MI 48075-2463<br>(248) 355-5555 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/10/2019, Expected Purge Date: 01/15/2019 |
| | Image SOP |
| | Email Notification,  Cynthia Robertson  cynthia.robertson@toyota.com |
| | Email Notification,  Ellen L Farrell  ellen.l.farrell@toyota.com |
| | Email Notification,  Dorothy Tsusaki  dorothy.tsusaki@toyota.com |
| | Email Notification,  Serena Stout  serena.stout@toyota.com |
| | Email Notification,  Lola Waldrum  lola.waldrum@toyota.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Company<br>40600 ANN ARBOR RD E STE 201<br>Plymouth, MI 48170-4675<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

Original - Court    2nd copy - Plaintiff
1st copy - Defendant    3rd copy - Return

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | **SUMMONS** | 2018-169980-NO |
| 6th JUDICIAL CIRCUIT | | JUDGE MARTHA D. |
| COUNTY PROBATE | | ANDERSON |

**Court address**
1200 Telegraph Rd, Pontiac, MI 48340

Court telephone no.
(248) 858-0344

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| SHARON QUINN | v | TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., a Foreign Corporation |

Plaintiff's attorney, bar no., address, and telephone no.
Geoffrey N. Fieger (P30441)
Donald H. Dawson Jr (P29692)
Fieger, Fieger, Kenney & Harrington, PC
19390 W. 10 Mile Rd.
Southfield, MI 48075 / 248-355-5555

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party **or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).**
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk. |
|---|---|---|
| 11/16/2018 | 02/15/2019 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (8/18) **SUMMONS**      MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

FILED   Received for Filing   Oakland County Clerk   11/16/2018 12:07 PM

| SUMMONS |
| Case No. 18- | -NO |

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | . | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| . | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee | **TOTAL FEE** $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____ .
Signature

FILED    Received for Filing    Oakland County Clerk    11/16/2018 12:07 PM

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

SHARON QUINN,

              Plaintiff,

v.

TOYOTA MOTOR SALES, U.S.A., INC.,
a California Corporation; TOYOTA MOTOR
NORTH AMERICA, INC., a California
Corporation; TOYOTA MOTOR ENGINEERING
& MANUFACTURING NORTH AMERICA, INC.,
a Foreign Corporation; and TOYOTA MOTOR
DISTRIBUTORS, INC., d/b/a TOYOTA MOTOR
CORPORATION, a Foreign Corporation;

              Defendants.

Case No: 2018-169980-NO
Hon. Martha D. Anderson

_____/

GEOFFREY N. FIEGER (P30441)
DONALD H. DAWSON, JR. (P29692)
Fieger, Fieger, Kenney
& Harrington P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555

_____/

**AMENDED COMPLAINT AND JURY DEMAND** pd/hl

    **NOW COMES** Plaintiff, SHARON QUINN, by and through her attorneys,

FIEGER, FIEGER, KENNEY, & HARRINGTON, P.C., and for her Complaint against the

above-named Defendants, states as follows:

**PARTIES AND JURISDICTION**

    1.    At all relevant times, Plaintiff, SHARON QUINN, was a resident of the

City of West Bloomfield, County of Oakland, State of Michigan.

FILED Received for Filing Oakland County Clerk 11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

FILED Received for Filing Oakland County Clerk 11/20/2018 4:02 PM

FIEGER, FIEGER, KENNY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

2.    At all relevant times, Defendant, TOYOTA MOTOR SALES, U.S.A, INC. (hereinafter, "TOYOTA USA") was a California Corporation, headquartered in the City of Torrance, County of Los Angeles, State of California, but engaging in regular and systematic business in the City of West Bloomfield, County of Oakland, State of Michigan and with its Registered Agent listed as The Corporation Company, located at 40600 Ann Arbor Rd. E Ste 201, Plymouth, MI 48170.

3.    At all relevant times, Defendant, TOYOTA MOTOR NORTH AMERICA, INC., (hereinafter, "TOYOTA NORTH AMERICA") was a California Corporation, headquartered in the City of Torrance, County of Los Angeles, State of California, but engaging in regular and systematic business in the City of West Bloomfield, County of Oakland, State of Michigan and with its Registered Agent listed as The Corporation Company, located at 40600 Ann Arbor Rd. E Ste 201, Plymouth, MI 48170.

4.    At all relevant times, Defendant, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. (hereinafter, "TOYOTA ENGINEERING") was a Kentucky Corporation, headquartered in the City of Erlanger, County of Kenton, State of Kentucky, but engaging in regular and systematic business in the City of West Bloomfield, County of Oakland, State of Michigan and with its Registered Agent listed as The Corporation Company, located at 40600 Ann Arbor Rd. E Ste 201, Plymouth, MI 48170.

5.    Upon information and belief, each Toyota entity named above is a wholly owned subsidiary of Defendant, TOYOTA MOTOR DISTRIBUTORS, INC. d/b/a TOYOTA MOTOR CORPORATION (hereinafter, "TOYOTA CORP."), a Japanese Corporation headquartered in the City of Toyota, Aichi Prefecture, Country of Japan, but

{00649568.DOC}                                                    2

FILED   Received for Filing   Oakland County Clerk   11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

engaging in regular and systematic business in the City of West Bloomfield, County of
Oakland, State of Michigan and with its Registered Agent listed as The Prentice Hall
Corporation System, Inc., located at 601 Abbot Road, East Lansing, Michigan 48823.

6.      Hereinafter, the above-named Defendants are collectively referred to as the
"TOYOTA Defendants."

7.      The acts, transactions and/or occurrences giving rise to the injuries
complained of herein, occurred within the confines of the City of West Bloomfield, County
of Oakland, State of Michigan on or about November 14, 2017 at approximately 5:30 p.m.

8.      That the amount in controversy in this cause greatly exceeds Twenty-Five
Thousand ($25,000.00) Dollars, exclusive of costs, interest and attorney fees.

9.      Venue and Jurisdiction are properly vested in the court.

### GENERAL ALLEGATIONS

10.     Plaintiff hereby reincorporates each and every allegation set forth in the
preceding paragraphs of this Complaint as if fully set forth herein.

11.     This case involves a design defect in the 2017 Lexus ES 350, manufactured by
TOYOTA, which caused a 76-year-old woman to be poisoned by carbon monoxide and as a result,
permanently injured, by her own Lexus vehicle.

12.     The TOYOTA Defendants are in the business, on their own and through their
wholly owned subsidiaries, of designing, manufacturing, testing, marketing, distributing and selling
Lexus vehicles.

13.     Toyota designed, manufactured, tested, certified, marketed, distributed, and sold to
Plaintiff, SHARON QUINN, the subject 2017 Lexus ES 350 vehicle.

FILED   Received for Filing   Oakland County Clerk   11/20/2018 4:02 PM   FIEGER, FIEGER, KENNY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION   19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

14.     At all relevant times, the TOYOTA Defendants designed, manufactured, tested, certified, marketed, and sold the subject vehicle with the TOYOTA Defendants' "Smart Key" technology, which allows the operator of the vehicle to do the following:

     a.  Allows the key fob to remain in the operator's pocket or purse and still start the vehicle by utilizing the electronic software code embedded in the key fob to unlock the ignition;

     b.  Start the vehicle without requiring a key to be physically inserted into the ignition switch lock cylinder;

     c.  Use the key fob to broadcast a unique signal or code to a key antenna, which in turn reads the signal code and compares it with the code embedded in the vehicle. The code then sends a signal to a computer called the engine control unit ("ECU") that enables the push button starter button to become "hot" or functional;

     d.  Start the vehicle without an actual key to insert into an ignition key cylinder, without turning a physical key, and without having to remove a physical key from the ignition key cylinder to turn off the engine;

     e.  Inadvertently remove the key fob from the vehicle while the vehicle is still running;

     f.  Start the vehicle with the push of a button;

15.     Keyless technology, such as the "Smart Key" system, requires a change to the fundamental and deep-rooted propensity of consumers of turning the key and removing it from the ignition, and can lead to frequent, basic, and predictable errors.

16.     The smart key is a convenience feature in the subject Lexus; not a necessary feature for the vehicle to function as a transportation motor vehicle, and because it allows the operator to remove they key fob and take it away while the vehicle is still running, it creates certain safety risks that did not exist with conventional key technology.

17.     Drivers of "Smart Key" vehicles have reported to the National Highway Transportation Safety Administration ("NHTSA") that they have exited their cars with the key fob on their person and/or mistakenly left the vehicle's engine running.

18. At all relevant times, for at least two years since the occurrence of this incident, other similarly situated automotive companies such as GM and Ford have installed bypasses, including cutoff switches and other mechanisms, which automatically shuts the engine off in vehicles after a certain period of time.

19. The subject vehicle did not include a cutoff switch, or mechanism of any kind, that would act as a safety guard to automatically shut the engine off after a vehicle was left with the engine running for a period of time to prevent carbon monoxide poisoning.

## FACTUAL ALLEGATIONS

20. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this complaint as if fully set forth herein.

21. On November 14, 2017, at approximately 5:30 p.m., Plaintiff, SHARON QUINN, returned home from a beauty shop appointment and parked her 2017 Lexus ES 350 in her attached garage.

22. Plaintiff's, SHARON QUINN's, vehicle was equipped with the "Smart Key" technology allowing her to walk away from the subject vehicle, with the key fob in her possession, while the vehicle's engine was still running.

23. TOYOTA Defendants advertise that the 2017 Lexus ES 350 vehicle has a quiet engine.

24. Plaintiff, SHARON QUINN, closed the garage door while the engine continued to run without Plaintiff's knowledge.

{00649568.DOC} 5

25. At all relevant times, the vehicle produced no audible noise or cues indicating that the engine was running, resulting in Plaintiff, SHARON QUINN, to not hear the vehicle as the engine continued to run in her garage.

26. The "Smart Key" failed to shut off the engine of the subject vehicle, and caused carbon monoxide to flow into the attached garage and seep into Plaintiff's home.

27. Subsequently, Plaintiff, SHARON QUINN, went to sleep for the night in her bedroom, which is located directly above the garage, and was unaware that the deadly carbon monoxide gas was seeping into her bedroom and poisoning her.

28. At approximately 2:25 a.m., Plaintiff awoke feeling severely dizzy and nauseous, and began to vomit.

29. At all relevant times, Plaintiff lost bowel and bladder control as a result of the poisoning and defecated and urinated on herself.

30. At all relevant times, Plaintiff inhaled carbon monoxide for nearly nine hours during the time she was in her home and as she slept.

31. Plaintiff was disoriented but was able to push a panic button near her bed provided by her home alarm system to alert first responders.

32. The West Bloomfield Police Department arrived on scene but Plaintiff, SHARON QUINN, was unable to open the front door for them due to the severity of her carbon monoxide poisoning.

33. The West Bloomfield Police Department had to break down the front door in order to get in to Plaintiff's residence to rescue her.

34. Plaintiff, SHARON QUINN, was taken to the Henry Ford West Bloomfield Hospital where she was admitted for eight days.

FILED Received for Filing Oakland County Clerk 11/20/2018 4:02 PM

FIEGER, FIEGER, KENNY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

FILED   Received for Filing   Oakland County Clerk   11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C.   • A PROFESSIONAL CORPORATION
18300 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

35. Plaintiff's, SHARON QUINN's, carbon monoxide level at the time of admission to the hospital was 35 percent—a nearly lethal level.

36. As a result of the "Smart Key" system on the 2017 Lexus ES 350, which allowed the Plaintiff, SHARON QUINN, to walk away from her still running vehicle while the key fob remained in her possession, Plaintiff suffered severe injuries from carbon monoxide poisoning that she still suffers from to this day and are expected to be permanent.

37. Plaintiff, SHARON QUINN, did not engage in any negligent conduct in this matter and is not comparatively negligent.

## COUNT I
## NEGLIGENCE AND/OR GROSS NEGLIGENCE
## ALL DEFENDANTS

38. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

39. At all relevant times, and pursuant to Michigan Law, the TOYOTA Defendants, as an automotive company being in the business of designing, manufacturing, marketing, developing, analyzing, assembling, recommending, merchandising, promoting, and selling the subject vehicle and/or its component parts, owed a duty to act with ordinary care for the safety of the public and specifically to the Plaintiff, SHARON QUINN, which duties include but are not limited to, obeying all common laws, statutes, and ordinances of the County of Oakland and State of Michigan.

40. At all relevant times, the TOYOTA Defendants had a duty to act as a reasonably careful automotive company in the business of designing, manufacturing, marketing, developing, analyzing, assembling, recommending, merchandising, promoting,

and selling the subject vehicle and/or its component parts would act under the same or similar circumstances as outlined in this complaint.

41.     The TOYOTA Defendants had a duty to ensure that the warnings and instructions pertaining to the subject vehicle were adequate, safe, and reasonable, and would warn and instruct users of all known and/or reasonably foreseeable dangers associated with the use of the subject vehicle and its components.

42.     The TOYOTA Defendants knew or should have known that the subject vehicle was defectively designed and or manufactured and was therefore prone to failure under normal conditions, potentially causing carbon monoxide injuries and/or deaths.

43.     At all times relevant hereto, Defendants owed the Plaintiff, SHARON QUINN, the aforementioned duties in particular, including but not limited to, and breached the same by doing the following:

>   a.     Allowing operators of the subject vehicle, specifically SHARON QUINN, to remove the key fob from the vehicle and keep it in her possession while the engine remained running;
>
>   b.     Failing to incorporate a cutoff switch, which would prevent the engine from running indefinitely and is a well known feature in the automotive industry, that would shut off the engine after being left idly running for a period of time;
>
>   c.     Failing to consider that the keyless ignition system was a dramatic change from the way that operators were used to turning off the vehicle's engine, which conventionally required that a physical key be inserted into the ignition cylinder and that operators have developed a deep-rooted propensity for;
>
>   d.     Failing to incorporate proper warnings or cues that the key fob was removed and/or that the operator, specifically, SHARON QUINN, had left the vehicle with the key fob in her possession while the engine remained running;

FIEGER, FIEGER, KENNY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

FILED   Received for Filing   Oakland County Clerk   11/20/2018 4:02 PM

FIEGER, FIEGER, KENNY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

FILED    Received for Filing    Oakland County Clerk    11/20/2018 4:02 PM

e.    Failing to use due care in designing, manufacturing, marketing, developing, analyzing, assembling, recommending, merchandising, promoting, and selling the subject vehicle and/or its component parts, in order to avoid the risk of carbon monoxide poisoning to operators, specifically, to Plaintiff SHARON QUINN;

f.    Failure to provide adequate warning of the defect and its propensity to cause and/or contribute to carbon monoxide poisoning, such as the poisoning suffered by Plaintiff, SHARON QUINN;

g.    Failure to provide adequate warning that because the subject vehicle was designed to run quietly and in fact did run so silently that the running engine was inaudible, and that because the vehicle included the "Smart Key" key fob feature that operators were not used to, the risk of leaving the engine running and was substantially increased;

h.    Failure to incorporate reasonable safeguards to the subject vehicle despite knowing about the risk based on past similar instances and complaints made to the NHTSA;

i.    Failure to make timely corrections to the design of the subject vehicle to correct the defect;

j.    Failure to mitigate the hazards associated with the defect in accordance with good engineering practices and industry standards;

k.    Acting in a willful, wanton, and reckless disregard for the safety of operators using the subject vehicle by incorporating the "Smart Key" system, which is merely a superfluous feature, without providing proper warnings and safety features to protect operators from harm and the risk of suffering carbon monoxide poisoning as described herein;

l.    All other breaches of duty identified by Defendants in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

m.    Any and all other breaches that become known through litigation.

{00649568.DOC}                9

44.     As a direct and/or the proximate cause of the aforementioned negligence and/or gross negligence by the TOYOTA Defendants, the following serious injuries and damages were sustained by Plaintiff SHARON QUINN , including, but not limited to, the following:

    a.  Brain damage;

    b.  35% level carbon monoxide poisoning—a nearly lethal amount;

    c.  Lack of short term memory;

    d.  Disorientation;

    e.  Dizziness;

    f.  Irritability;

    g.  Paranoia;

    h.  Neuropsychiatric syndrome;

    i.  Elevated troponin;

    j.  Heart attack;

    k.  Acute kidney failure;

    l.  Mottling of skin;

    m.  Movement disorders;

    n.  Partial paralysis in left side of body;

    o.  Gait abnormality requiring mobility aids;

    p.  8 day hospital stay requiring follow-up care;

    q.  Medical bills – past and future;

    r.  Economic loss;

    s.  Conscious pain and suffering;

    t.  Denial of social pleasures and enjoyments;

FILED   Received for Filing   Oakland County Clerk   11/20/2018 4:02 PM

FIEGER, FIEGER, KENNY, GIROUX & HARRINGTON, P.C.  · A PROFESSIONAL CORPORATION
10300 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION

19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

FILED    Received for Filing    Oakland County Clerk    11/20/2018 4:02 PM

u.  Embarrassment, humiliation, mortification;

v.  Emotional distress, anxiety, mental anguish, fright and shock;

w.  Other damages that may become known through the passage of time and/or the course of discovery; and

x.  Any and all other damages allowed under Michigan Law.

45.    As a further direct and/or the proximate result of the TOYOTA Defendants' negligence and/or gross negligence, the Plaintiff, SHARON QUINN, was forced to seek extensive care and treatment for her severe injuries, which continue to date and are expected to be permanent.

**WHEREFORE,** Plaintiff, SHARON QUINN, respectfully requests judgment in her favor and against the TOYOTA Defendants in an amount that greatly exceeds Twenty Five Thousand Dollars ($25,000.00), exclusive of costs, interest and attorney fees.

**COUNT II**
**PRODUCTS LIABILITY – DESIGN DEFECT MCL 600.2946**
**ALL DEFENDANTS**

46.    Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

47.    The TOYOTA Defendants, as manufacturers and sellers of the subject 2017 Lexus ES 350, were obligated to ensure that the subject vehicle was reasonably safe at the time that the subject vehicle left the control of the TOYOTA Defendants, pursuant to MCL 600:2946(2).

48.    The TOYOTA Defendants, as manufactures and sellers of the Lexus that is the subject of this complaint, were obligated to ensure that the subject vehicle was reasonably safe according to generally accepted production practices at the time the

specific unit of the product left the control of the manufacturer or seller, pursuant to MCL 600.2946(2).

49. The TOYOTA Defendants had a duty to use practical and technically feasible alternative production practices that were available that would have prevented the harm without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others, pursuant to MCL 600.2946(2).

50. At all times relevant hereto, the TOYOTA Defendants owed the Plaintiff, SHARON QUINN, the aforementioned duties in particular, including but not limited to, and breached the same by doing the following:

    a.    Allowing operators of the subject vehicle, specifically SHARON QUINN, to remove the key fob from the vehicle and keep it in her possession while the engine remained running;

    b.    Failing to incorporate a cutoff switch, which would prevent the engine from running indefinitely and is a well known feature in the automotive industry, that would shut off the engine after being left idly running for a period of time;

    c.    Failing to consider that the keyless ignition system was a dramatic change from the way that operators were used to turning off the vehicle's engine, which conventionally required that a physical key be inserted into the ignition cylinder and that operators have developed a deep-rooted propensity for;

    d.    Failing to incorporate proper warnings or cues that the key fob was removed and/or that the operator, specifically, SHARON QUINN, had left the vehicle with the key fob in her possession while the engine remained running;

    e.    Failing to use due care in designing, manufacturing, marketing, developing, analyzing, assembling, recommending, merchandising, promoting, and selling the subject vehicle and/or its component parts, in order to avoid the risk of carbon monoxide

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

FILED    Received for Filing    Oakland County Clerk    11/20/2018 4:02 PM

FILED  Received for Filing  Oakland County Clerk  11/20/2018 4:02 PM

FIEGER, FIEGER, KENNY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
10590 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

poisoning to operators, specifically, to Plaintiff SHARON QUINN;

f.    Failure to provide adequate warning of the defect and its propensity to cause and/or contribute to carbon monoxide poisoning, such as the poisoning suffered by Plaintiff, SHARON QUINN;

g.    Failure to provide adequate warning that because the subject vehicle was designed to run quietly and in fact did run so silently that the running engine was inaudible, and that because the vehicle included the "Smart Key" key fob feature that operators were not used to, the risk of leaving the engine running and was substantially increased;

h.    Failure to incorporate reasonable safeguards to the subject vehicle despite knowing about the risk based on past similar instances and complaints made to the NHTSA;

i.    Failing to comply with generally accepted production standards by not installing engine shut off bypasses in the 2017 Lexus ES 350, including cutoff switches that would automatically shut the engine off in vehicles after a certain period of time and which other similarly situated automotive companies such as GM and Ford had already implemented in their vehicle designs years before;

j.    Failure to make timely corrections to the design of the subject vehicle to correct the defect;

k.    Failure to mitigate the hazards associated with the defect in accordance with good engineering practices and industry standards;

l.    Acting in a willful, wanton, and reckless disregard for the safety of operators using the subject vehicle by incorporating the "Smart Key" system, which is merely a superfluous feature, without providing proper warnings and safety features to protect operators from harm and the risk of suffering carbon monoxide poisoning as described herein;

m.    All other breaches of duty identified by Defendants in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

{00649568.DOC}      13

FILED Received for Filing Oakland County Clerk 11/20/2018 4:02 PM

FIEGER, FIEGER, KENNY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
10300 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

    n.    Any and all other breaches that become known through litigation.

51.    As a direct and/or the proximate cause of the aforementioned negligence and/or gross negligence by the TOYOTA Defendants, the following serious injuries and damages were sustained by Plaintiff SHARON QUINN , including, but not limited to, the following:

    a.  Brain damage;

    b.  35% level carbon monoxide poisoning—a nearly lethal amount;

    c.  Lack of short term memory;

    d.  Disorientation;

    e.  Dizziness;

    f.  Irritability;

    g.  Paranoia;

    h.  Neuropsychiatric syndrome;

    i.  Elevated troponin;

    j.  Heart attack;

    k.  Acute kidney failure;

    l.  Mottling of skin;

    m.  Movement disorders;

    n.  Partial paralysis in left side of body;

    o.  Gait abnormality requiring mobility aids;

    p.  8 day hospital stay requiring follow-up care;

    q.  Medical bills – past and future;

    r.  Economic loss;

    s.  Conscious pain and suffering;

FILED Received for Filing Oakland County Clerk 11/20/2018 4:02 PM

FICKER, FICKER, KENNEY, GIROUX & HARRINGTON, P. C. · A PROFESSIONAL CORPORATION
103100 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

t.    Denial of social pleasures and enjoyments;

u.    Embarrassment, humiliation, mortification;

v.    Emotional distress, anxiety, mental anguish, fright and shock;

w.    Other damages that may become known through the passage of time and/or the course of discovery; and

x.    Any and all other damages allowed under Michigan Law.

52.    As a further direct and/or the proximate result of the TOYOTA Defendants' breached as outlined in paragraph 50, the Plaintiff, SHARON QUINN, was forced to seek extensive care and treatment for her severe injuries, which continue to date and are expected to be permanent.

**WHEREFORE,** Plaintiff, SHARON QUINN, respectfully requests judgment in her favor and against the TOYOTA Defendants in an amount that greatly exceeds Twenty Five Thousand Dollars ($25,000.00), exclusive of costs, interest and attorney fees.

## COUNT III
## PRODUCTS LIABILITY – FAILURE TO WARN
## ALL DEFENDANTS

53.    The TOYOTA Defendants knew that the subject vehicle, and its component parts, would be purchased and used without inspection for defects in the design of the vehicle.

54.    The subject vehicle was defective when it left the control of each of the TOYOTA Defendants.

55.    At the time of the subject vehicle's design, manufacture, and sale, and up to the time of the Plaintiff's, SHARON QUINN's, injuries, the TOYOTA Defendants knew

FILED    Received for Filing    Oakland County Clerk    11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

or should have known of the substantial dangers involved in the foreseeable use of the subject vehicle, whose defective design and lack of sufficient warnings caused them to have an unreasonably dangerous propensity to emit excessive carbon monoxide without warning, and thereby cause injuries, specifically to Plaintiff, SHARON QUINN.

56. At all relevant times, similar instances of carbon monoxide poisoning had occurred with vehicles that incorporated the keyless technology and numerous complaints were made to the NHTSA, and the TOYOTA Defendants knew or should have known that their keyless technology, the "Smart Key" key fob feature, posed the same risk carbon monoxide poisoning risk to their consumers, and specifically to Plaintiff, SHARON QUINN;

57. The TOYOTA Defendants knew that these substantial dangers are not readily recognizable to an ordinary consumer and that consumers would purchase and use these products without inspection.

58. At all relevant times, the TOYOTA Defendants failed to provide adequate warnings, instructions, guidelines, or admonitions to members of the consuming public, including Plaintiff, SHARON QUINN of the defects, which Defendants knew, or in the exercise of reasonable care should have known, to have existed in the subject vehicle, and its component parts.

59. At the time of Plaintiffs' injuries, the subject vehicle was being used in the manner intended by the TOYOTA Defendants and in a manner that was reasonably foreseeable by the TOYOTA Defendants as involving substantial danger that was not readily apparent to its users.

FILED   Received for Filing   Oakland County Clerk   11/20/2018 4:02 PM

FICKER, FICKER, KENNEY, GIROUX & HARRINGTON, P.C.   •   A PROFESSIONAL CORPORATION
18500 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

60.     By failing to adequately warn Plaintiff, SHARON QUINN, of the defects in the subject vehicle manufactured and sold by the TOYOTA Defendants, the Defendants breached the duty owed to consumers and specifically to Plaintiff, SHARON QUINN.

61.     Plaintiffs' injuries and damages, as outlined in paragraph 51 of this complaint, were the direct and proximate cause of the TOYOTA Defendants' failure to provide adequate warnings.

**WHEREFORE,** Plaintiff, SHARON QUINN, respectfully requests judgment in her favor and against the TOYOTA Defendants in an amount that greatly exceeds Twenty Five Thousand Dollars ($25,000.00), exclusive of costs, interest and attorney fees.

## COUNT IV
## BREACH OF IMPLIED WARRANTIES, MERCHANTABILITY, AND FITNESS FOR A PARTICULAR PURPOSE
## ALL DEFENDANTS

62.     Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

63.     At all relevant times, there was an implied warranty by the TOYOTA Defendants to operators of the subject vehicle, and specifically Plaintiff, SHARON QUINN, that the subject vehicle was of merchantable quality and fit for its intended purpose of driving and parking.

64.     Consumers and operators of the Lexus 2017 Lexus ES 350, specifically Plaintiff, SHARON QUINN, were intended third party beneficiaries of the implied warranties of merchantability and fitness for a particular purpose.

65.     The TOYOTA Defendants warranted that the subject vehicle was safe and complied with all Federal Motor Vehicle Safety Standards, and provided other warranties when marketing and advertising the subject vehicle, and in the documents provided with the vehicle.

66.    The TOYOTA Defendants warranted that the subject vehicle was fit for its intended and reasonably foreseeable purpose, use, misuse, and manners of use, and was of a merchantable quality.

67.    The TOYOTA Defendants breached these and other warranties, because the subject vehicle did not comply with Federal Motor Vehicle Safety Standards, was not safe, was not fit for its intended or reasonably foreseeable use or operation and was not of merchantable quality.

68.    The aforementioned breaches of warranties were a direct and proximate cause of the incident that is the subject matter of this complaint and Plaintiff's, SHARON QUINN's, injuries as outlined in paragraph 51 of this complaint.

69.    Plaintiffs relied on the skill and judgment of the TOYOTA Defendants in the purchase, selection, and use of the subject vehicle as a safe and reliable means for transportation.

70.    The subject vehicle was not of merchantable quality as warranted by the TOYOTA Defendants, in that it was defectively designed, thereby dangerously exposing the operator of the vehicle, specifically, SHARON QUINN, to serious injury.

**WHEREFORE,** Plaintiff, SHARON QUINN, respectfully requests judgment in her favor and against the TOYOTA Defendants in an amount that greatly exceeds Twenty Five Thousand Dollars ($25,000.00), exclusive of costs, interest and attorney fees.

*FIEGER, FIEER, KENNEY*
*& HARRINGTON, P.C.*

By:    /s/ Donald H. Dawson, Jr.
         GEOFFREY N. FIEGER (P30441)
         DONALD H. DAWSON, JR. (P29692)
         Attorneys for Plaintiff
         19390 West Ten Mile Road
         Southfield, Michigan 48075-2463
         (248) 355-5555 Fax: (248) 355-5148

Dated: November 20, 2018

FILED    Received for Filing    Oakland County Clerk    11/20/2018 4:02 PM    FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION    19390 WEST TEN MILE ROAD · SOUTHFIELD, MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

SHARON QUINN,

                Plaintiff,

v.

TOYOTA MOTOR SALES, U.S.A., INC.,
a California Corporation; TOYOTA MOTOR
NORTH AMERICA, INC., a California
Corporation; TOYOTA MOTOR ENGINEERING
& MANUFACTURING NORTH AMERICA, INC.,
a Foreign Corporation; and TOYOTA MOTOR
DISTRIBUTORS, INC., d/b/a TOYOTA MOTOR
CORPORATION, a Foreign Corporation;

                Defendants.

Case No: 2018-169980-NO
Hon. Martha D. Anderson

_____/

GEOFFREY N. FIEGER (P30441)
DONALD H. DAWSON, JR. (P29692)
Fieger, Fieger, Kenney
& Harrington P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555

_____/

**JURY DEMAND**

**NOW COME** Plaintiff, SHARON QUINN, by and through her attorneys, FIEGER,

FIEGER, KENNEY, & HARRINGTON, P.C., and hereby request a trial by jury in this matter.

*FIEGER, FIEER, KENNEY*
*& HARRINGTON, P.C.*

By:    /s/ Donald H. Dawson, Jr.
        GEOFFREY N. FIEGER (P30441)
        DONALD H. DAWSON, JR. (P29692)
        Attorneys for Plaintiff
        19390 West Ten Mile Road
        Southfield, Michigan 48075-2463
Dated: November 20, 2018    (248) 355-5555 Fax: (248) 355-5148

{00649568.DOC}        19

FILED  Received for Filing  Oakland County Clerk  11/20/2018 4:02 PM

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148